[Cite as *Hellmuth v. Hood*, 2019-Ohio-4825.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| DANIEL L. HELLMUTH, | : | CASE NO. CA2018-07-154 |
| Appellant, | : | O P I N I O N<br>11/25/2019 |
| | : | |
| - vs - | : | |
| | : | |
| LEANNE HOOD, et al., | : | |
| Appellees. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2017-10-2386

Daniel L. Hellmuth, 1620 Bryant Drive, Unit 2403, Round Rock, Texas 78664, pro se

Schroeder, Maundrell, Barbiere & Powers, Katherine L. Barbiere, Lawrence E. Barbiere, 5300 Socialville-Foster Road, Mason, Ohio 45040, for appellees

**M. POWELL, J.**

{¶ 1} Appellant, Daniel Hellmuth, appeals a decision of the Butler County Court of Common Pleas granting summary judgment to appellees, Leanne and Herbert Hood, in a quiet title action. Leanne is appellant's daughter and is married to Herbert.

{¶ 2} In 2015, appellant and his now-deceased wife, Susan, owned a residence in Trenton, Ohio (the "Property"). The couple routinely spent the winter months in Texas. Sometime in 2015, the couple agreed to let Leanne and Herbert move into the basement of the residence so that they could watch over the Property during the winter. In return, Leanne and Herbert agreed to pay all of the property taxes, utilities, and "miscellaneous monthly expenses."

{¶ 3} On September 1, 2015, appellant and Susan executed a Quit Claim (Survivor) Deed (the "2015 Deed") conveying an undivided one-half interest in the Property to Leanne and Herbert. That same day, appellant and Susan further executed a Transfer on Death Designation Affidavit (the "2015 TOD Affidavit") conveying their remaining one-half interest in the Property to Leanne and Herbert upon the deaths of appellant and Susan. Both instruments were notarized by a Texas notary public. Both instruments were promptly recorded with the Butler County Recorder.

{¶ 4} On May 31, 2016, appellant and Susan executed a Survivorship Deed (the "2016 Deed") conveying their entire interest in the Property to Leanne and Herbert. The 2016 Deed was notarized by Shelley Meehan, an Ohio notary public and employee of the Middletown Police Department where Leanne is also employed as a police officer. The 2016 Deed was recorded with the Butler County Recorder over a month later.

{¶ 5} On September 27, 2016, appellant and Susan executed an Affidavit Regarding Title to Real Estate (the "2016 Fraud Affidavit") alleging that the 2016 Deed was fraudulently and defectively executed. Specifically, the couple averred that (1) they were fraudulently induced to sign the 2016 Deed, (2) they did not execute and acknowledge the 2016 Deed before a notary public, and (3) Leanne and/or Herbert fraudulently had the 2016 Deed notarized by Meehan out of the presence of appellant and Susan. The 2016 Fraud Affidavit was promptly recorded with the Butler County Recorder.

{¶ 6} Susan passed away in March 2017 while in Texas. Appellant returned to Trenton in June 2017 and spent the summer at the Property before returning to Texas. In September 2017, Leanne and Herbert sent a letter to appellant informing him he was no longer welcome at the Property and that all locks and alarms had been changed. In October 2017, Leanne and Herbert sent an email to appellant advising him that they intended to sell the Property, and that appellant could purchase it for one-half of its appraised value or he would receive one-half of the sale proceeds. Leanne and Herbert further informed appellant that absent an agreement, they would file a lawsuit to quiet title the Property, or alternatively, partition it.

{¶ 7} On October 25, 2017, appellant filed a pro se complaint in the trial court against Leanne and Herbert, alleging breach of good faith and fair dealings, and tortious interference.[1] Attached to the complaint were unauthenticated copies of the 2015 Deed and 2016 Deed. The complaint did not dispute the validity of the deeds or allege undue influence, forgery, or other misconduct in the preparation and execution of the deeds.

{¶ 8} Leanne and Herbert filed an answer and counterclaim, asserting that the two deeds properly conveyed the entire interest in the Property to them, and requesting to quiet title the Property, or alternatively, partition it. Attached to and incorporated into the pleading by reference were unauthenticated copies of the 2015 Deed, the 2015 TOD Affidavit, the 2016 Deed, and the 2016 Fraud Affidavit.

{¶ 9} Appellant filed a reply to the counterclaims, asserting that the 2016 Deed was "illegally" executed because he and Susan did not execute and acknowledge the deed before a notary public, including Meehan. Appellant subsequently filed a variety of motions over the ensuing months, including three motions for summary judgment. Attached to

___

1. Appellant acted pro se in all of the proceedings below. He also appears pro se in the proceedings before this court.

- 3 -

appellant's second motion for summary judgment were unauthenticated copies of the 2016 Fraud Affidavit and a joint affidavit from two friends of appellant.

{¶ 10} As pertinent to this appeal, Leanne and Herbert moved for summary judgment on their quiet title counterclaim in March 2018. Appellant moved to dismiss the motion, arguing that the "signing of the total deed transfer was signed under duress" and referencing a "September 2017 Affidavit and two Affidavits from close friends[.]" Leanne and Herbert did not file a reply memorandum. Subsequently, appellant moved to dismiss his complaint without prejudice so that he could refile it in federal court.

{¶ 11} On June 1, 2018, the trial court construed appellant's motion to dismiss his complaint as a Civ.R. 41(A)(1)(a) notice of dismissal, considered appellant's complaint as voluntarily dismissed, and struck all of appellant's pending motions as moot, including appellant's three summary judgment motions. With the dismissal of appellant's complaint, only the counterclaims alleged by Leanne and Herbert remained pending for adjudication. Upon finding that the 2015 Deed and 2016 Deed were unambiguous and that appellant had offered no Civ.R. 56(C) evidence in support of his opposition to the summary judgment motion, the trial court granted summary judgment to Leanne and Herbert upon their quiet title counterclaim and ruled that they were the titled owners of the Property as of May 31, 2016. On July 5, 2018, the trial court issued an entry quieting title on the Property.

{¶ 12} Appellant now appeals, raising 13 assignments of error.[2]

{¶ 13} Appellant's second through tenth assignments of error as well as his twelfth assignment of error raise sundry issues relating to communications from Leanne and Herbert, a complaint filed by appellant against Meehan, a magistrate's actions and

_____

2. Appellant's brief fails to state specific assignments of error as required by App.R. 16(A)(3) and Loc.R. 11(B) and instead sets forth 13 statements in its "Argument" section, alleging that the trial court "erred," "allowed," "ignored," or "refused" in the proceedings below. Nevertheless, we will treat these statements as assignments of error. *Hellmuth v. Hood*, 12th Dist. Butler No. CA2018-07-154 (June 12, 2019) (Entry Accepting Appellant's Brief and Granting Appellees Additional Time to File a Responsive Brief).

inactions, and an incident involving the parties and the police at the Property. However, these issues have no bearing on the trial court's award of summary judgment to Leanne and Herbert upon their quiet title counterclaim. We therefore decline to consider these issues. Appellant's second through tenth assignments of error and his twelfth assignment of error are overruled. *See In re Contempt of Feng*, 8th Dist. Cuyahoga No. 95749, 2011-Ohio-4810; *State v. Nickell*, 12th Dist. Butler No. CA84-08-089, 1985 Ohio App. LEXIS 8161 (June 24, 1985).

{¶ 14} Appellant's eleventh assignment of error challenges the trial court's failure to rule upon his motions "for summary and direct judgment[.]"[3] Appellant's thirteenth assignment of error challenges the trial court's refusal to allow appellant to amend his complaint. The record shows that appellant moved to withdraw the dismissal of his complaint on June 8, 2018. On July 5, 2018, the trial court issued an order denying the motion, finding it lacked power to strike appellant's dismissal of his complaint. That order was attached to appellant's notice of appeal. Both assignments of error are overruled on the basis of Civ.R. 41(A)(1)(a) and *State ex rel. Fifth Third Mtge. Co. v. Russo*, 129 Ohio St.3d 250, 2011-Ohio-3177. A Civ.R. 41(A)(1)(a) "notice of voluntary dismissal is self-executing and completely terminates the possibility of further action on the merits of the case upon its mere filing[.]" *Russo* at ¶ 17. "[O]nce a plaintiff voluntarily dismisses all claims against a defendant, the court is divested of jurisdiction over those claims." *Id.*

{¶ 15} Appellant's first assignment of error argues that the conveyance of the Property to Leanne and Herbert was fraudulent because neither he nor Susan were present when the 2016 Deed was notarized. We construe this assignment of error as challenging the grant of summary judgment to Leanne and Herbert and arguing there is a genuine issue

---

3. We presume appellant refers to the motion for directed verdict he filed in May 2018, subsequently to his April 2018 motion to dismiss his complaint without prejudice.

of material fact as to whether the 2016 Deed was properly notarized and executed, and thus, whether the Property was properly conveyed to Leanne and Herbert.

{¶ 16} Summary judgment is proper when the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, show that (1) there are no genuine issues of material fact to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) when all evidence is construed most strongly in favor of the nonmoving party, reasonable minds can come to only one conclusion which is adverse to the nonmoving party. Civ.R. 56(C); *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370 (1998). The moving party bears the initial burden of informing the court of the basis for the motion and demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Once this burden is met, the nonmoving party has a reciprocal burden to set forth specific facts showing there is some genuine issue of material fact yet remaining for the trial court to resolve. *Id.*

{¶ 17} In determining whether a genuine issue of material fact exists, the court must answer the following inquiry: "Does the evidence present a sufficient disagreement to require submission to a jury or is it so one-sided that one party must prevail as a matter of law?" *Wilson v. Maple*, 12th Dist. Clermont No. CA2005-08-075, 2006-Ohio-3536, ¶ 18. An appellate court reviews a trial court's decision to grant or deny summary judgment de novo, without any deference to the trial court's judgment. *Bravard v. Curran*, 155 Ohio App.3d 713, 2004-Ohio-181, ¶ 9 (12th Dist.).

{¶ 18} The trial court granted summary judgment to Leanne and Herbert upon finding that appellant had offered no Civ.R. 56(C) evidence in support of his opposition to summary judgment. In so ruling, the trial court considered the unauthenticated copies of the 2015 Deed and 2016 Deed as well as the unauthenticated copy of the 2015 TOD Affidavit,

declined to consider the unauthenticated copy of the 2016 Fraud Affidavit because it was unauthenticated and appellant "failed to reference that document in his summary judgment argument" and "never attempted to utilize it," and found that the "September 2017 Affidavit" referred to in appellant's motion to dismiss the motion for summary judgment "can only logically refer to the [2015] Transfer on Death Designation Affidavit."

{¶ 19} As stated above, appellant attached copies of the 2015 Deed and 2016 Deed to his complaint; Leanne and Herbert attached copies of the deeds as well as copies of the 2015 TOD Affidavit and 2016 Fraud Affidavit to their answer and counterclaim and incorporated all four documents into the pleading by reference. None of the documents were properly authenticated. However, neither party objected to the documents on grounds of authenticity or otherwise. Courts may consider unsworn and unauthenticated exhibits attached to pleadings in ruling on a summary judgment motion where no objection is lodged to the nature of the evidence. *State ex rel. Gilmour Realty, Inc. v. Mayfield Hts.*, 122 Ohio St.3d 260, 2009-Ohio-2871, ¶ 17; *Bank of Am., N.A. v. Staples*, 7th Dist. Mahoning No. 14 MA 109, 2015-Ohio-2094, ¶ 21. The trial court therefore properly considered the unauthenticated copies of both deeds and the 2015 TOD Affidavit. It, however, should have considered the copy of the equally unauthenticated 2016 Fraud Affidavit as it was incorporated in the pleadings by reference and was thus proper Civ.R. 56(C) evidence. In reviewing the grant of summary judgment to Leanne and Herbert de novo, we consider all four unauthenticated documents. *See State ex rel. Spencer v. E. Liverpool Planning Comm.*, 80 Ohio St.3d 297 (1997).

{¶ 20} The trial court further declined to consider the 2016 Fraud Affidavit because appellant "failed to reference that document in his summary judgment argument" and "never attempted to utilize it." The trial court further found that the "September 2017 Affidavit" reference in appellant's motion to dismiss the motion for summary judgment "can only

logically refer to" the 2015 TOD Affidavit. There is no September 2017 Affidavit in the record.

{¶ 21} We find that the trial court erred in construing the September 2017 Affidavit reference as relating to the 2015 TOD Affidavit. In moving to dismiss the summary judgment motion filed by Leanne and Herbert, appellant argued that "the signing of the total deed transfer was signed under duress as evidence by the September 2017 Affidavit[.]" The 2016 Fraud Affidavit, signed by appellant and Susan in September 2016, specifically averred that appellant and Susan did not execute and acknowledge the 2016 Deed before a notary public and that the 2016 Deed was notarized by Meehan out of their presence. We find that the "September 2017 Affidavit" plainly refers to the 2016 Fraud Affidavit and that the "total deed transfer" likewise plainly refers to the 2016 Deed. Consequently, contrary to the trial court's finding, appellant did utilize the 2016 Fraud Affidavit and did refer to it in his motion to dismiss the summary judgment motion. The trial court erred in finding otherwise. Furthermore, the 2016 Fraud Affidavit specifically refers to the 2016 Deed by book and page number and by date of execution and recording. Thus, its averments regarding fraud clearly relate to the 2016 Deed.

{¶ 22} R.C. 5301.01(A) provides that

A deed * * * shall be signed by the grantor[.] The signing shall be acknowledged by the grantor, mortgagor, vendor, or lessor, or by the trustee, before a judge or clerk of a court of record in this state, or a county auditor, county engineer, notary public, or mayor, who shall certify the acknowledgement and subscribe the official's name to the certificate of the acknowledgement.

{¶ 23} A deed not executed in accordance with the formalities required by R.C. 5301.01(A) remains "valid as between the parties thereto, in the absence of fraud." *Basil v. Vincello*, 50 Ohio St.3d 185, 188-189 (1990), citing *Citizens Natl. Bank v. Denison*, 165 Ohio St. 89 (1956), and *Naso v. Daniels*, 8 Ohio App.2d 42 (3d Dist.1964). Nonetheless,

such a defectively executed deed does not pass legal title to the grantees. *Basil* at 189.

{¶ 24} In light of the foregoing, and construing the 2015 Deed, 2016 Deed, 2015 TOD Affidavit, and 2016 Fraud Affidavit most strongly in favor of appellant, as required by Civ.R. 56(C), we find there are genuine issues of material fact as to whether appellant and Susan executed and acknowledged the 2016 Deed before a notary public, whether the 2016 Deed was properly notarized and executed, and thus, whether title to the Property was conveyed to Leanne and Herbert. The trial court's judgment granting summary judgment to Leanne and Herbert is accordingly reversed and remanded for further proceedings consistent with this opinion.

{¶ 25} Judgment reversed and remanded.

HENDRICKSON, P.J., and S. POWELL, J., concur.