[Cite as *Ullom v Agoston*, 2022-Ohio-696.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

DEENA ULLOM, ET AL.,               :

    Plaintiffs-Appellants,  :

                               No. 110715

    v.                     :

EDWARD AGOSTON, ET AL.,             :

    Defendants-Appellees.  :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 10, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-940267

---

### *Appearances:*

Lipson O'Shea Legal Group, and Michael J. O'Shea, *for appellants.*

The Carr Law Office, L.L.C., Adam E. Carr, and Eric K. Grinnell, *for appellees.*

---

CORNELIUS J. O'SULLIVAN, JR., J.:

{¶ 1} Plaintiffs-appellants, Deena Ullom and Thomas Ullom (collectively "appellants"), appeal from the trial court's July 15, 2021 judgment that granted the motion for judgment on the pleadings of defendants-appellees, Edward Agoston and

Sharon Agoston (collectively "appellees"). After review of the facts and law, we affirm.

**Procedural and Factual History**

{¶ 2} This case arises out of appellees' 2017 sale of a Brecksville, Ohio home to appellants. A residential property disclosure form was incorporated into the parties' purchase agreement. Pursuant to the disclosure form, appellees were required to disclose to appellants certain categories of defects on the premises.

**Original Case**

{¶ 3} In January 2019, appellants initiated an action against appellees, alleging breach of contract and negligent misrepresentation. Specifically, appellants alleged that the foundation and support systems of the home were faulty and that such condition and the failure of appellees to disclose this condition to appellants breached the parties' purchase agreement. *See Ullom v. Agoston*, Cuyahoga C.P. No. CV-19-909957.

{¶ 4} Prior to appellees filing an answer, appellants filed a first amended complaint, adding Erie Insurance Company ("Erie"), which was appellants' homeowner insurer. Appellants asserted a bad-faith claim against the insurance company.

{¶ 5} Erie answered appellants' first amended complaint denying liability, counterclaimed against appellants and cross-claimed against appellees. Appellees answered both appellants' first amended complaint and Erie's cross-claim.

{¶ 6} In May 2019, Allstate Insurance Company ("Allstate"), appellees' homeowners insurer, intervened in the action, seeking a judicial declaration that it did not owe a duty to provide liability coverage to appellees or to pay for their defense.

{¶ 7} In July 2019, appellees filed a motion for judgment on the pleadings, both as to appellants' first amended complaint and as to Erie's cross-claim. Further, Allstate filed a motion for judgment on the pleadings on its request for declaratory relief.

{¶ 8} On September 11, 2019, the trial court granted both appellees and Allstate's motions for judgment on the pleadings. Pursuant to the court's judgment, Allstate was dismissed from the action and Erie's cross-claim against appellees was dismissed. The judgment specifically noted that appellants' claims against Erie, and Erie's counterclaim against appellants, remained pending. Appellants appealed to this court; the appeal was dismissed for lack of a final appealable order. *See Ullom v. Agoston*, 8th Dist. Cuyahoga No. 109102, Motion No. 532759 (Oct. 16, 2019).

{¶ 9} In November 2019, appellants filed a motion for leave to file a second amended complaint, seeking to bring appellees back into the case. The trial court denied the motion.

{¶ 10} The record demonstrates that appellants and Erie settled their dispute, and on August 7, 2020, appellants filed a notice of voluntary dismissal, dismissing the action without prejudice.

{¶ 11} On August 27, 2020, the trial court entered a final judgment dismissing the case without prejudice. No appeal was taken by appellants from that final judgment.

**Refiled Case: Case Before this Court on Appeal**

{¶ 12} In November 2020, appellants filed this action against appellees, alleging breach of contract, fraudulent misrepresentation, and fraudulent concealment; all claims arose from the 2017 sale of the same home that was the subject of the first lawsuit.

{¶ 13} In February 2021, appellants filed a first amended complaint. The amended complaint provided additional information about appellees' alleged fraud. Appellees answered the first amended complaint and asserted affirmative defenses including res judicata, collateral estoppel, and law of the case.

{¶ 14} In March 2021, appellees filed a motion for judgment on the pleadings. On July 15, 2021, in an 11-page entry, the trial court granted the motion for judgment on the pleadings on the ground of res judicata. Appellants now appeal and raise a sole assignment of error for our review:

> Once the entirety of the First Case was dismissed without prejudice pursuant to Ohio Civ.R. 41(A), all prior interlocutory orders and rulings of the trial court were nullified and of no further force and effect, and thus res judicata does not apply to any re-filed complaint.

**Law and Analysis**

{¶ 15} We review a trial court's determination regarding a motion for judgment on the pleadings de novo. *Schmitt v. Edn. Serv. Ctr.*, 8th Dist. Cuyahoga No. 97623, 2012-Ohio-2210, ¶ 8, citing *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 569, 664 N.E.2d 931 (1996).

{¶ 16} A Civ.R. 12(C) motion for judgment on the pleadings presents only questions of law. *Shingler v. Provider Servs. Holdings, L.L.C.*, 8th Dist. Cuyahoga No. 106683, 2018-Ohio-2740, ¶ 17, citing *Whaley v. Franklin Cty. Bd. of Commrs.*, 92 Ohio St.3d 574, 581-582, 752 N.E.2d 267 (2001). Dismissal of a complaint is appropriate under Civ.R. 12(C) when, after construing all material allegations in the pleadings, along with all reasonable inferences drawn therefrom in favor of the plaintiff, the court finds that the plaintiff can prove no set of facts in support of his or her claim that would entitle the plaintiff to relief. *Pontious* at 570; *Socha v. Weiss*, 2017-Ohio-7610, 97 N.E.3d 818, ¶ 9 (8th Dist.).

{¶ 17} Appellees' motion for judgment on the pleadings asserted: (1) appellants failed to plead a factual basis for survival of their claims; (2) Ohio does not permit claims for negligent failure to disclose defects in real estate; (3) appellants failed to allege fraud with particularity; and (4) the doctrine of res judicata barred the action. The trial court granted the motion pursuant to the doctrine of res judicata. That doctrine is dispositive of this appeal.

{¶ 18} In this case, both the original and the refiled action were assigned to the same judge. Thus, in considering the issue of res judicata, the trial court took

judicial notice of its own docket. In *Indus. Risk Insurers v. Lorenz Equip. Co.*, 69 Ohio St.3d 576, 635 N.E.2d 14 (1994), the Ohio Supreme Court considered

> whether a trial court, when ruling on a Civ.R. 41(B)(1) motion to dismiss for want of prosecution in an action that has been refiled after a voluntary dismissal per Civ.R. 41(A)(1)(a), may consider the dilatory conduct of the nonmoving party in the previously filed action.

*Id.* at 579.

{¶ 19} The court answered "in the affirmative." *Id.* The court reasoned that "a trial court is not required to suffer from institutional amnesia. It is axiomatic that a trial court may take judicial notice of its own docket." *Id.* at 580. On the authority of *Indus. Risk Insurers*, we find that the trial court was permitted to take judicial notice of its own docket. Therefore, we now consider the trial court's judgment granting the appellees' motion for judgment on the pleadings on the basis of res judicata.

{¶ 20} The doctrine of res judicata provides that "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995). "[T]he doctrine of res judicata requires a final order of the court to preclude relitigation of issues that have or could have been raised in a prior proceeding." *Deutsche Bank Natl. Co. v. Caldwell*, 8th Dist. Cuyahoga No. 100594, 2014-Ohio-2982, ¶ 19.

**{¶ 21}** In considering a claim under the doctrine of res judicata, we ask whether:

> (1) there is a final, valid decision on the merits by a court of competent jurisdiction; (2) the second action involves the same parties or their privies as the first; (3) the second action raises claims that were or could have been litigated in the first action; and (4) the second action arises out of the transaction or occurrence that was the subject matter of the previous action.

(Citation omitted.) *Lenard v. Miller*, 8th Dist. Cuyahoga No. 99460, 2013-Ohio-4703, ¶ 27.

**{¶ 22}** In the original case, the trial court reached a final decision on the merits relative to appellees on September 11, 2019. That September 2019 judgment also disposed of the claims relative to Allstate. Appellants appealed, but the appeal was dismissed for lack of a final, appealable order because Erie still remained as a defendant. An appellate court, in furtherance of Civ.R. 54(B), will not allow for a matter to be brought before it in a piecemeal fashion. *See Rae-Ann Suburban, Inc. v. Wolfe*, 8th Dist. Cuyahoga No. 107536, 2019-Ohio-1451, ¶ 15.

**{¶ 23}** On August 7, 2020, appellants filed a notice of voluntary dismissal, and on August 27, 2020, the trial court dismissed the action, thereby creating a final judgment as to the entire case.

**{¶ 24}** In *State ex rel. Davie v. Calabrese*, 8th Dist. Cuyahoga No. 104205, 2016-Ohio-5420, this court properly applied Civ.R. 54(B) when it determined the correct time for filing an appeal when part of the case had been resolved, but part remained pending. In *Davie*, the plaintiff sued numerous defendants and one group

of defendants filed a counterclaim against the plaintiff. The defendants filed motions for summary, which included a motion for summary judgment on the counterclaim. The trial court granted the defendants' motions for summary judgment, except for the motion relative to the counterclaim. The plaintiff appealed. After the plaintiff appealed, the defendants dismissed their counterclaim and the trial court issued a final order stating that no claims remained. This court dismissed the plaintiff's appeal, and stated that "when the appeal was filed, there was still a counterclaim pending before the trial court, which had not certified 'no reason for delay.' Thus, there was no final, appealable order." *Id.* at ¶ 7.

{¶ 25} This court stated in *Davie* that the defendants' "Civ.R. 41(A) dismissal of the counterclaim * * * was self-executing, resolved the remaining claims, and made the orders previously appealed from final, appealable orders[.] * * * At that point in time, the case was completely resolved." (Citations omitted.) *Id.* at ¶ 15. "The proper remedy was to file a timely notice of appeal from the [trial court's final order.]" *Id.* at ¶ 16.

{¶ 26} In the case sub judice, the trial court reached a final decision on the merits relative to appellees on September 11, 2019. The court's entry did not indicate "that there is no just reason for delay," demonstrating that the trial court did not intend the decision to be immediately appealable. *See Rae-Ann*, 8th Dist. Cuyahoga No. 2019-Ohio-1451, at ¶ 13, quoting *Noble v. Colwell*, 44 Ohio St.3d 92, 97, 540 N.E.2d 1381 (1989), "A trial court's use of Civ.R. 54(B) certification is 'within its

sound discretion.'" The trial court in this case entered its final order on August 27, 2020.

{¶ 27} At that point there was a final, valid decision on the merits by a court of competent jurisdiction fulfilling the first requirement of *Lenard*.

{¶ 28} The record before us reflects that the second action involved the same parties, that is, appellants and appellees. The claims in the second action arose out of the very same 2017 sale of the Brecksville home. The claims in the second action either were or could have been raised in the original action. The second, third, and fourth elements of *Lenard* are also met. Appellants' claims in the refiled action clearly meet the *Lenard* elements and are barred by the doctrine of res judicata.

{¶ 29} Appellants contend that the doctrine of res judicata should not apply in this case. Specifically, they maintain that their August 7, 2020 voluntary dismissal of the original action nullified the trial court's judgment on the pleadings in favor of appellees and against them in that first action. This argument has been rejected by the Supreme Court of Ohio.

{¶ 30} In *Denham v. New Carlisle*, 86 Ohio St.3d 594, 716 N.E.2d 184 (1999), a widow filed suit against the city of New Carlisle and other defendants relative to the death of her husband. The city filed a motion for summary judgment on the ground of immunity and the trial court granted the motion. The trial court's judgment entry stated that its decision was not a final appealable order.[1] Thereafter,

---

[1] At the time of the trial court's decision in *Denham*, a judgment granting summary judgment on the basis of immunity was not a final, appealable order. It currently is, however. *See* R.C. 2744.02(C).

the plaintiff voluntarily dismissed her claims against the remaining defendants under Civ.R. 41(A)(1). The plaintiff then appealed. The Second Appellate District dismissed the appeal on the ground that the summary judgment was "an interlocutory non-final order[.]" *Id.* at 594.

{¶ 31} The Supreme Court of Ohio disagreed with the Second District and reversed the judgment, holding that "[a] trial court's decision granting summary judgment based on immunity for one of several defendants in a civil action becomes a final appealable order when the plaintiff voluntarily dismisses the remaining parties to the suit pursuant to Civ.R. 41(A)(1)." *Id.* at syllabus. The court clarified "that a Civ.R. 41(A) dismissal should be construed to render the parties as if no suit had ever been brought, *but only with respect to the dismissed parties.*" (Emphasis added.) *Id.* at 597.

{¶ 32} Although *Denham* referred to a plaintiff dismissing "parties," at the time *Denham* was decided, Civ.R. 41(A)(1) permitted a plaintiff to dismiss an "action," not a party or parties. Two years after *Denham* was decided, Civ.R. 41 was amended to incorporate the holding of *Denham*. *See* Staff Note to July 1, 2001 Amendment to Civ.R. 41.

{¶ 33} As it is now written, Civ.R. 41 provides that

[s]ubject to the provisions of Civ.R. 23(E), Civ.R. 23.1, and Civ.R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:

(a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for

independent adjudication by the court has been served by that defendant;

(b) filing a stipulation of dismissal signed by all parties who have appeared in the action.

Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court.

Civ.R. 41(A)(1).

{¶ 34} Civ.R. 41(A) differs from Civ.R. 41(B), the difference being that Civ.R. 41(B) allows a trial court to involuntarily "dismiss an action or claim." Civ.R. 41(B)(1); *Pattison v. W.W. Grainger, Inc.*, 120 Ohio St.3d 142, 2008-Ohio-5276, 897 N.E.2d 126, ¶ 16, quoting pre- and post-*Denham* Civ.R. 41(A). ("The key difference between the pre-*Denham* rule and the current rule is that the pre-*Denham* rule stated that "'an action may be dismissed by the plaintiff,'" whereas the current rule reads that a plaintiff "'may dismiss all claims asserted by that plaintiff against a defendant.'")

{¶ 35} Thus, although appellants' dismissal of the original action purported to dismiss "the action," appellants could only dismiss their remaining claim against Erie, subject to Erie's counterclaim. They did not dismiss their claims against appellees because, following the trial court's September 11, 2019 ruling on appellees' motion for judgment on the pleadings, no such claims remained for appellants to dismiss.

{¶ 36} Appellants draw our attention to *Hutchinson v. Beazer E., Inc.*, 8th Dist. Cuyahoga Nos. 86635 and 87897, 2006-Ohio-6761, in support of their

contention that the trial court's September 11, 2019 ruling on appellees' motion for judgment on the pleadings was nullified. In *Hutchinson*, this court held that "when without prejudice pursuant to Civ.R. 41(A*),* interlocutory orders which do not contain Civ.R. 54(B) language that there is no just reason for delay are dissolved and are not appealable." *Id.* at ¶ 23.

{¶ 37} Since *Hutchinson*, this court has held that dismissal of a pending counterclaim after other claims were resolved through summary judgment "was self-executing, resolved the remaining claims, and made the orders previously appealed from final, appealable orders * * *. At that point in time, the case was completely resolved." (Citations omitted.) *Davie*, 8th Dist. Cuyahoga No. 104205, 2016-Ohio-5420, at ¶ 15. "The proper remedy was to file a timely notice of appeal from the [trial court's final order.]" *Id.* at ¶ 16.

{¶ 38} When appellants filed their initial appeal after the trial court's ruling on appellees' motion for judgment on the pleadings, this court properly dismissed the case because appellants' other claims remained pending at that time. Following the dismissal of the remaining claims, the trial court's judgment in favor of the appellees then became a final appealable order pursuant to the Ohio Supreme Court's *Denham* decision. *See also Davie* at ¶ 15-16. The time to appeal arose at that moment but appellants failed to file an appeal. The issues raised in appellants' refiled suit against the same defendants as in the original action, arising out of the same real estate transaction, were determined with finality by the trial court in its

September 11, 2019 judgment entry granting the appellees' motion for judgment on the pleadings.

**{¶ 39}** In view of the above, the doctrine of res judicata barred appellants' refiled case and the trial court properly granted appellees' second motion for judgment on the pleadings on that basis. Appellants' sole assignment of error is without merit and hereby overruled.

**{¶ 40}** Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
CORNELIUS J. O'SULLIVAN, JR., JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
MARY EILEEN KILBANE, J., CONCUR