# IN THE COURT OF APPEALS OF OHIO

TWELFTH APPELLATE DISTRICT
BUTLER COUNTY

DANIEL L. HELLMUTH,

Plaintiff-Appellant,

v.

JUDGE GREG STEPHENS, et al.

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
Case No. CA2022-04-034

---

Civil Appeal from the
Court of Common Pleas of Butler County, Ohio
Case No. CV 2021 09 1345

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, David A. D'Apolito,
Judges of the Seventh District Court of Appeals, Sitting by Assignment.

---

**JUDGMENT:**
Affirmed.

---

*Daniel L. Hellmuth*, *Pro se*, 1620 Bryant Drive, Unit 2403, Round Rock, Texas 78664, Plaintiff-Appellant

*Atty. Linda L. Woeber* and *Atty. Lindsay M. Upton*, Montgomery Jonson LLP, 600 Vine Street, Suite 2650, Cincinnati, Ohio 45202, for Defendants-Appellees Hon. Magistrate Lynn A. Busch-Heyman and Hon. Gregory Stephens

*Atty. Patrick Kasson*, *Atty. Thomas N. Spyker*, and *Atty. Moc P. Malone*, Reminger Co., LPA, 200 Civic Center Drive, Suite 800, Columbus, Ohio 43215, for Defendants-Appellees City of Trenton, Ohio, Calvin Woodrey, Richard Miller, Melissa Hobbs, Jennifer

J. Combs, Ryan Montgomery, Ryan Perry, Raymond L. Nicholas, Arthur Schott, Chelsey Holland and Jamy Chaney

*Atty. Jeffrey C. Turner* and *Atty. David B. Shaver*, Surdyk, Dowd & Turner Co., L.P.A., 8163 Old Yankee Street, Suite C, Dayton, Ohio 45458, for Defendants-Appellees City of Middletown Appellees

*Atty. James C. Smith*, *Pro se*, 613 Westview Avenue, Trenton, Ohio 45067.

Dated: December 18, 2023

---

**WAITE, J.**

{¶1}  This is an appeal of the dismissal of a *pro se* complaint filed in the Butler County Court of Common Pleas against 22 defendants, including a common pleas judge, a magistrate, two mayors, eight city council members, a law director, two police chiefs, and others.  The complaint alleged fraud upon the court and perpetuation of fraud in connection with a residential property dispute that occurred in 2017.  This was the seventh complaint of this nature filed by Appellant arising out of the same facts and circumstances. The previous cases were resolved in favor of the defendants.  The defendants in this case filed motions for judgment on pleadings, all of which were granted.  Based on the principle of *res judicata*, Appellant's arguments are overruled and judgment of the trial court is affirmed.

Case History and Facts

{¶2}  On October 15, 2017, Appellant, Daniel Hellmuth, filed a *pro se* complaint in the Butler County Court of Common Pleas, Case No. CV 2017 10 2386, against his daughter Leanne Hood and her husband Herbert Hood.  Leanne Hood was, at the time, a police officer in the City of Middletown, Ohio.  The complaint alleged breach of good faith and tortious interference.  In his complaint, Appellant alleged that in 2015, Appellant

Case No. CA2022-04-034

and his wife Susan Hellmuth agreed that the Hoods could live in their home at 800 Dry Ridge Court in Trenton, Ohio, for part of the year, but that Appellant and his wife would return in the summer. Appellant and his wife spent their winters in Texas. Appellant and his wife deeded half the property to the Hoods in September of 2015, and then executed a second deed transferring the remainder of the property in May of 2016. This second deed was notarized by Ohio notary Shelley Meehan.

{¶3} Susan Hellmuth died in Texas on March 13, 2017. In June of 2017, Appellant attempted to move back into the Trenton property but was denied access by the Hoods. The Hoods then decided to sell the home, giving rise to the lawsuit, which sought return of the home to Appellant and $10,000 in damages.

{¶4} The Hoods filed an answer and a counterclaim seeking quiet title or for partition of the property. On November 29, 2017, Appellant filed a motion to add notary Shelley Meehan as a party defendant to the complaint. Appellant believed that Ms. Meehan improperly notarized the 2016 deed transferring the property to the Hoods.

{¶5} During litigation Appellant also filed motions to add as defendants Larry Mulligan, Jr. (Mayor of the City of Middletown, Ohio), Rodney Muterspaw (Chief of Police of Middletown), and Butler County Court of Common Pleas Visiting Judge James A. Brogan. Appellant also raised other matters, alleging that the deed transfers were fraudulently induced and were signed under duress. However, no additional defendants or causes of action were added to the case.

{¶6} Judge Gregory Stephens initially presided over the matter, and some aspects of the case were delegated to Magistrate Lynn Busch-Heyman.

{¶7} Following the hearing held on February 1, 2018, Magistrate Busch-Heyman ordered that Appellant be allowed to enter the residence for two hours to obtain his personal property on February 3, 2018. Magistrate Busch-Heyman ordered that the Hoods were permitted to have law enforcement present to maintain the peace.

{¶8} On April 17, 2018, Appellant filed a motion to voluntarily dismiss his complaint. This motion was acknowledged by the court as being self-executing, but because there was a counterclaim pending, the case remained open. The court granted summary judgment to Leanne and Herbert Hood on June 1, 2018. Appellant filed a notice of appeal. The trial court's decision to grant summary judgment was reversed by the Twelfth District Court of Appeals on November 25, 2019, in *Hellmuth v. Hood*, 12th Dist. Butler No. CA2018-07-154, 2019-Ohio-4825.

{¶9} On remand, Appellees moved to dismiss their counterclaim on November 10, 2020. The parties continued to file documents in the case including an amended complaint, a motion for summary judgment, motions to strike, etc. Judge William H. Wolff was eventually assigned to the case, and on September 1, 2021, he filed an order acknowledging that Appellees had an absolute self-executing right under Civ.R. 41 to voluntarily dismiss the counterclaim, and that they had done so on November 10, 2020. He then closed the case in its entirety.

{¶10} On May 18, 2018, Appellant filed a complaint in the United States District Court for the Southern District of Ohio against Leanne and Herbert Hood. The complaint alleged the same set of facts as in Butler County Case No. CV 2017 10 2386, as well as new causes of action based on an incident that occurred when he picked up his personal items from the Trenton, Ohio home. He requested $5 million in damages. The court

accepted the case based on diversity jurisdiction. On April 17, 2019, the court ruled in the defendants' favor on grounds of *res judicata* and failure to state a cognizable claim. The matter was appealed to the Sixth Circuit Court of Appeals and was affirmed. *Hellmuth v. Hood*, S.D.Ohio No. 1:18-CV-340, 2018 WL 8415469, *3, report and recommendation adopted, S.D.Ohio No. 1:18-CV-003402019 WL 1649315, aff'd, 6th Cir. No. 19-35582019 WL 9088170.

{¶11} On June 6, 2018, Appellant filed another federal complaint in the United States District Court for the Southern District of Ohio that named as defendants: Magistrate Lynn Busch-Heyman; Chelsey Holland; Leanne Hood; Rodney Muterspaw; Mayor Arthur Scott; Attorney James C. Smith; and police officers of Middletown and Trenton, Ohio. Appellant once again sought to have the property returned and claimed that he was owed relief based on the circumstances of the personal property transfer. His claim for relief was based on various constitutional amendments and unspecified Ohio law. Attorney James C. Smith and Magistrate Lynn Busch-Heyman were dismissed from the case due to the absolute privilege of attorney statements made in court, and judicial immunity. On February 26, 2019, the remainder of the case was dismissed with prejudice for lack of subject matter jurisdiction. *Hellmuth v. Hood*, S.D.Ohio No. 1:18-CV-00397, 2019 WL 926021, *4, affirmed, 6th Cir. No. 19-31982019 WL 8219511.

{¶12} On July 2, 2018, Appellant filed a complaint in the Butler County Court of Common Pleas (CV 2018 07 1487) against notary Shelley Meehan, alleging that she improperly notarized the May 2016 deed. Appellant requested $400,000 in damages for the allegedly fraudulent deed transfer. During the course of the case, Appellees, Leanne and Herbert Hood, were added as defendants, as well as the subsequent owners of the

property, Craig and Kimberlee Hahn. On April 12, 2020, Appellant filed an amended complaint naming all of the current Appellees as defendants. Appellant also added causes of action for fraud on the court and negligence in failure to conduct a proper investigation, and he requested $10 million in damages. On August 18, 2021, Judge William H. Wolff was assigned to the case. The final judgment in Case No. CV 2018 07 1487 was issued on February 8, 2023, in favor of Appellees, and title was quieted in favor of the Hahns.

{¶13} On March 22, 2019, Appellant filed yet another complaint in the Butler County Court of Common Pleas against the City of Middletown, Ohio, its mayor and vice mayor, the city council, the city manager, the assistant law director, and others. This was assigned Case No. CV 2019 03 0597. Appellant listed nine causes of action, including three based on federal statutes, he claimed have arisen out of the allegedly fraudulent deed transfer and an incident that apparently occurred when he was retrieving personal property. This case was removed to federal court on April 24, 2019, and was given Case No. 1:19-cv-303. Judgment was entered in federal court in favor of the defendants on November 12, 2020. Judge William H. Wolff terminated the Butler County case, which had remained open pending the federal litigation, on September 1, 2021.

{¶14} On March 25, 2019, Appellant filed another complaint in the Butler County Court of Common Pleas (CV 2019 03 0606) against the City of Trenton, Ohio, its mayor, vice mayor, and all the members of its city council. The case was assigned to Judge William H. Wolff. The complaint alleged negligence, neglect of duty, failure to intervene, complicity, libel, slander, and violations of 18 U.S.C. 1001 and 42 U.S.C. 1983. Appellant asserted that all claims arose out of an incident where Appellant attempted to retrieve

personal property from 800 Dry Ridge Court, Trenton, Ohio. Appellant alleged that Trenton police officers were at the scene and that his daughter, Leanne Hood, handed him a box of his possessions and told him to leave. Appellant characterized this meeting as a court-sanctioned police ambush. Appellant sought $10 million in damages.

{¶15} On April 15, 2019, this case too, was removed to the United States District Court for the Southern District of Ohio, Case No. 1:19-cv-00258. The removal was based on the allegations of violations of the United Stated Code, with ancillary jurisdiction given to the federal court over the remaining State of Ohio claims. The court accepted subject matter jurisdiction over the case. On February 4, 2020, the court ruled that the City of Trenton defendants were immune from liability under political subdivision immunity, R.C. 2744.02; and that all claims were dismissed for failure to state a cognizable claim. *Hellmuth v. City of Trenton*, S.D.Ohio No. 1:19-CV-258, 2019 WL 3543082, *9, report and recommendation adopted sub nom. *Hellmuth v. City of Trenton, Ohio*, S.D.Ohio No. 1:19-CV-258, 2020 WL 553936. The judgment was affirmed by the Sixth Circuit Court of Appeals. *Hellmuth v. Hood*, 6th Cir. No. 19-3198, 2019 WL 8219511.

{¶16} On September 10, 2021, Appellant filed the instant action in the Butler County Court of Common Pleas, Case No. CV 2021 09 1345, against 22 defendants. In this version of the complaint Appellant alleged fraud upon the court, perpetuation of fraud, and aggravated assault, again, all arising out of the deed transfer and his attempts to retrieve his personal property from the home. Appellant also alleged that his wife had died of a heart attack due to the stress of the deed transfer proceedings.

{¶17} Judge Stephens and Magistrate Busch-Heyman were named in the complaint due to their handling of the very first complaint Appellant filed. The Middletown

defendants were named because Appellant's daughter, Leanne Hood, was a member of the Middletown police department and because notary Shelley Meehan was from Middletown. Appellant believed the Middletown defendants were involved in a comprehensive plan to defraud him of his property. The Trenton defendants were named because Trenton police were present at the residence when Appellant retrieved his personal belongings. Attorney James C. Smith was named because he was supposedly involved in the deed transfer, was aware of the events surrounding the personal property transfers, and represented Leanne and Herbert Hood. Appellant requested damages of $600 million from the City of Trenton, $600 million from the City of Middletown, and $20 million from each individual defendant, for a total of $1.64 billion, plus punitive damages. Judge William H. Wolff was assigned to the case.

{¶18} On November 10, 2021, the court sustained the motions to dismiss filed by Judge Stephens and Magistrate Busch-Heyman. The court also dismissed the Middletown defendants from the case in this judgment entry.

{¶19} On March 10, 2022, the court dismissed all remaining defendants and issued a final appealable order closing the case. This timely appeal was filed on April 6, 2022.

ASSIGNMENTS OF ERROR

{¶20} There are no discernible assignments of error filed in this appeal. On April 25, 2022, Appellant made his first attempt at filing his brief. On May 4, 2022, we issued an order declaring that Appellant's brief was nonconforming, most notably for the lack of any assignments of error. The brief was stricken from the record. He filed a slightly different document on May 23, 2022. Instead of actually including any assignments of

error, he simply relabeled the section called "Procedural Posture" as "Assignment of Errors." It is not Appellees' responsibility to define and argue Appellant's case for him, only to then refute Appellant's case, as part of their response. Appellees could not discuss any specific description of error in Appellant's filing, but did respond to his argument to the best of their ability.

{¶21} Appellant then refiled the same "brief" on March 13, 2023, with a few more exhibits attached. This was his third nonconforming document filed with this Court. Appellant did not file a motion for leave to amend his brief. Neither the Rules of Appellate Procedure or this Court's local rules provide for additional briefing after the close of the briefing period, and specifically direct the parties not to file attachments or appendixes to the brief without first requesting leave. App.R. 16(C) and Loc.R. 11(D)(1).

{¶22} Appellant appears to believe that typing sentences in bold capital letters in his "brief" constitutes both the submission of an assignment of error and legal argument. There are many of these bold type sections in his brief, most simply unsupported assertions. The bold typed material appears to be nothing more than Appellant's errant thoughts about his underlying trial court case and do not form the basis for either an assertion of error or argument in support.

{¶23} "It is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to any alleged error." *Hall v. Crawford Cty. Job & Family Services*, 3rd Dist. No. 3-21-19, 2022-Ohio-1358, 188 N.E.3d 1138, ¶ 38. "An appellate court is not a performing bear, required to dance to each and every tune played on an appeal." *State v. Lorraine*, 11th Dist. Trumbull No. 95-T-5196, 1996 WL 207676, *3.

**{¶24}** Appellant briefly mentions that he believes *res judicata* does not apply to this appeal, although he does not explain why. All of the Appellees agree that *res judicata* does apply and provide a rationale for affirming the trial court's judgment. As this is the only "error" we can discern for appellate review, we will address matters involving *res judicata*.

**{¶25}** Three separate Appellees' briefs have been filed in this appeal. The first is on behalf of the Middletown defendants, which include: Larry Mulligan, Jr. (former Mayor of Middletown); Joe Mulligan (former Vice Mayor of Middletown); Ami Vitori and Steve Bohannon (former members of Middletown City Council); Douglas Atkins (former Middletown City Manager); Sarah Fox (former Middletown employee); Scott Reeve (former Major with the Middletown Police Department); Susan Cohen (former Middletown Assistant City Manager); and Rodney Muterspaw (former Chief of the Middletown Police Department and current member of Middletown City Council). The second is filed on behalf of Judge Gregory Stephens and Magistrate Lynn Busch-Heyman. The third is filed by the City of Trenton defendants, including: Calvin Woodrey (Mayor of Trenton); Richard Miller (Vice Mayor of Trenton); Melissa Hobbs, Jennifer J. Combs, Ryan Montgomery, Ryan Perry, and Raymond L. Nichols (members of Trenton City Council); Arthur Scott (Trenton Police Chief); Chelsey Holland; Jamy Chaney; and Attorney James C. Smith.

**{¶26}** Each Appellee agrees that *res judicata* applies to any issues raised against them in the complaint, although for slightly different reasons from party to party since not all Appellees were part of every previous case filed by Appellant. Nevertheless, due to the vast number of cases and judgments that have dealt with the two or three basic factual

Case No. CA2022-04-034

issues underlying all of the litigation, it is apparent from this record that the trial court's judgment must be affirmed on the basis of *res judicata*.

{¶27} Below is a summary of the prior cases that have been filed and resolved thus far:

{¶28} 1. Butler County Court of Common Pleas Case No. CV 2017 10 2386. Voluntarily dismissed.

{¶29} 2. United States District Court for the Southern District of Ohio Case No. 1:18-CV-340. Judgment for defendants, affirmed by Sixth Circuit Court of Appeals.

{¶30} 3. United States District Court for the Southern District of Ohio Case No. 1:18-CV-00397. Hon. Gregory Stephens and Magistrate Lynn Busch-Heyman dismissed due to judicial immunity; remainder of case dismissed for lack of subject matter jurisdiction.

{¶31} 4. Butler County Court of Common Pleas Case No. CV 2018 07 1487. Judgment for defendants.

{¶32} 5. Butler County Court of Common Pleas Case No. CV 2019 03 0597. Removed to United States District Court for the Southern District of Ohio Case No. 1:19-cv-303. Judgment for defendants.

{¶33} 6. Butler County Court of Common Pleas Case No. CV 2019 03 0606. Removed to United States District Court for the Southern District of Ohio Case No. 1:19-cv-00258. Judgment for defendants, affirmed by Sixth Circuit Court of Appeals.

{¶34} "The doctrine of res judicata mandates that the final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the rights of parties and their privies and, as to them, constitutes an absolute bar to a subsequent action involving

the same cause of action." *Ohio Dept. of Human Serv. v. Kozar*, 99 Ohio App.3d 713, 716, 651 N.E.2d 1039 (8th Dist.1995).

{¶35} "The doctrine of res judicata is an integral part of the law of this state. For purposes of the matters before us, this doctrine is that an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit. Furthermore, it has long been recognized that the doctrine of res judicata applies in a proper case as between federal court and state court judgments." *Rogers v. City of Whitehall*, 25 Ohio St.3d 67, 69, 494 N.E.2d 1387 (1986).

{¶36} "Res judicata promotes the principle of finality of judgments by requiring plaintiffs to present every possible ground for relief in the first action." *Kirkhart v. Keiper*, 101 Ohio St.3d 377, 2004-Ohio-1496, 805 N.E.2d 1089, ¶ 5, citing *Natl. Amusements, Inc. v. City of Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990).

{¶37} "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus.

{¶38} "The doctrine of res judicata may be applied where actions between the same parties in relation to the same subject are pending at the same time, and a judgment is rendered in one of such actions." *State v. Wise,* 12th Dist. Clermont No. CA2003-12-113, 2004-Ohio-6241, ¶ 12, quoting 63 Ohio Jurisprudence 3d, Judgments, Section 394, at 196 (2003).

{¶39} "The term 'transaction' may be broader than 'occurrence' and was defined in *Grava* to encompass events which arise from a 'common nucleus of operative facts.' "

*Davis v. Wal-Mart Stores, Inc.*, 8th Dist. Cuyahoga No. 75224, 2000 WL 504114, *4, affirmed, 93 Ohio St.3d 488, 756 N.E.2d 657 (2001), quoting *Grava* at 382.

**{¶40}** Each Appellee in this matter has had judgment rendered in his or her favor in at least one prior case brought by Appellant involving the same underlying events: the transfer of the deed for 800 Dry Ridge Court, Trenton, Ohio, to Leanne and Herbert Hood (and Appellant's questioning of the notarization of the deed); and the allegations surrounding Appellant's retrieval of his personal items from the residence.

**{¶41}** In the United States District Court for the Southern District of Ohio Case 1:18-CV-340, the court ruled in the defendants' favor on April 17, 2019, and this was upheld on appeal to the Sixth District Court of Appeals. This was a dismissal on the merits with prejudice based on diversity jurisdiction and included Appellant's federal and State of Ohio claims.

**{¶42}** In Butler County Court of Common Pleas Case No. CV 2018 07 1487, the court issued its final judgment in the defendants' favor on February 8, 2023. Every Appellee in the instant appeal was also a defendant in that earlier case. This was a dismissal on the merits with prejudice.

**{¶43}** The final judgment in Butler County Court of Common Pleas Case No. CV 2019 03 0597, which was transferred and became United States District Court for the Southern District of Ohio Case No. 1:19-cv-303, was issued on November 12, 2020, in the defendants' favor. This was a dismissal on the merits with prejudice and included state and federal claims.

**{¶44}** Finally, in Butler County Court of Common Pleas CV 2019 03 0606, which was transferred and became United District Court for the Southern District of Ohio Case

No. 1:19-cv-00258, final judgment in favor of the defendants was issued on February 4, 2020. This was a dismissal on the merits with prejudice and was affirmed by the Sixth Circuit Court of Appeals. This case included state and federal claims.

**{¶45}** In each of these cases, Appellant was required to raise all claims against all defendants regarding the events about which Appellant complains. The reasoning behind each dismissal varied somewhat and included such things as judicial immunity, attorney privilege, governmental immunity, statute of limitations, failure to state a claim, and failure to establish the factual merits of the claim. There were also dismissals based on procedural errors, which was understandable because Appellant has been acting pro se from the very first filing to the present. As the cases were reworded and refiled, various claims and defendants were also dismissed on *res judicata* grounds.

**{¶46}** Appellant believes there is some significance to the fact that he partially won his appeal of the original action he filed, Butler County Court of Common Pleas Case No. CV 2017 10 2386. Even though Appellant had voluntarily dismissed his complaint before the matter went to the court of appeals, we ruled that the trial court should not have granted summary judgment on Leanne Hood's quiet title counterclaim because there were material facts in dispute. *Hellmuth v. Hood*, 12th Dist. Butler No. CA2018-07-154, 2019-Ohio-4825. On remand, the Hoods voluntarily dismissed their counterclaim, closing the trial court case in its entirety. There is nothing about our prior *Hellmuth* opinion that aids Appellant in this current appeal. Because the underlying case was dismissed in its entirety on remand, the trial court was left with nothing to determine on remand and the appellate decision is moot.

**{¶47}** It is interesting to note that on each subsequent case filed by Appellant his damages request grew, starting at $10,000 and ending at the request in the instant case for over $1.6 billion. Mere change in each request for damages does not prevent *res judicata* from applying. "That a plaintiff changes the relief sought does not rescue the claim from being barred by res judicata[.]" *U.S. Bank Natl. Assn. v. Gullotta*, 120 Ohio St.3d 399, 2008-Ohio-6268, 899 N.E.2d 987, ¶ 27. "It is irrelevant that the plaintiff, in the second action, is prepared to present evidence or theories of the case not offered in the first action, or that the plaintiff seeks remedies not previously demanded." *Hapgood v. City of Warren*, 127 F.3d 490, 494 (6th Cir.1997).

**{¶48}** One final point that must be addressed is that the dismissal of each defendant in this case occurred at the initial pleading stage, based on various motions for judgment on the pleadings. Judgment on the pleadings pursuant to Civ.R. 12 is appropriate if, in construing all material allegations in the complaint in favor of the nonmoving party, together with all reasonable inferences to be drawn therefrom, the court finds beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Corporex Dev. & Constr. Mgt., Inc. v. Shook, Inc.*, 106 Ohio St.3d 412, 413, 2005-Ohio-5409, 835 N.E.2d 701, at ¶ 2. The appellate court uses a de novo standard of review when evaluating a judgment on the pleadings. *Trinity Health Sys. v. MDX Corp.*, 7th Dist. No. 07 JE 18, 180 Ohio App.3d 815, 2009-Ohio-417, 907 N.E.2d 746, ¶ 19.

**{¶49}** *Res judicata* is sometimes difficult to apply in the pleading stage because it often requires reference to facts outside of the pleadings. In this appeal though, we may rely on principles of judicial notice that allow for the application of *res judicata* at the

pleadings stage. First, both the trial court and this Court may take judicial notice of the dockets, orders, judgment entries, and opinions of other courts of record. *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, ¶ 10. A court may even take judicial notice of adjudicative facts when necessary. Evid.R. 201. Second, a court may take judicial notice of its own docket: "[A] trial court is not required to suffer from institutional amnesia. It is axiomatic that a trial court may take judicial notice of its own docket." *Ullom v. Agoston*, 8th Dist. No. 110715, 2022-Ohio-3813, 199 N.E.3d 693, ¶ 23. In the instant case, the same trial judge who issued the judgment giving rise to this appeal, Hon. William H. Wolff, participated in all the Butler County Court of Common Pleas cases that involve Appellant, Appellees, and the Trenton property dispute. Thus, Judge Wolff could certainly rely on his institutional knowledge of the entire history of the dispute as it came back to his desk again and again by means of the five complaints filed by Appellant in Butler County. Allowing for judicial notice of all the prior cases, it is clear that *res judicata* appropriately provided the basis for the trial court's judgment.

**{¶50}** Because Appellant has not actually filed any assignments of error and has provided no reason why dismissal of his underlying complaint on the basis of *res judicata* was erroneous, his argument is overruled and the judgment of the trial court is affirmed.

<u>Conclusion</u>

**{¶51}** On September 10, 2021, Appellant filed for the seventh time a version of a complaint in the Butler County Court of Common Pleas involving a deed transfer to his daughter and son-in-law of property located in Trenton, Ohio. Appellant has continued to attack the validity of the deed transfer and has also several times raised issues regarding

a visit to the property to pick up personal belongings. Appellant included 22 defendants in the case, and the court granted judgment on the pleadings to all defendants. All of the defendants had judgment rendered in their favor on the merits in at least one of these prior lawsuits. Based on the principle of *res judicata*, the judgment of the trial court is affirmed.

Robb, J., concurs.

D'Apolito, J., concurs.

Case No. CA2022-04-034

[Cite as *Hellmuth v. Stephens*, 2023-Ohio-4592.]