[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Leegrand*, Slip Opinion No. 2022-Ohio-3623.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-3623

THE STATE OF OHIO, APPELLANT, *v.* LEEGRAND, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Leegrand*, Slip Opinion No. 2022-Ohio-3623.]**

*Criminal law—Sentencing—Trial court's failure to use the specific language of sentencing statute in its sentencing entry is not error when the entry conveys exactly the same meaning as the statutory language—Judgment affirmed in part and reversed in part and cause remanded.*

(No. 2020-0726—Submitted October 5, 2021—Decided October 13, 2022.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 108626, 2020-Ohio-3179.

_____

**DONNELLY, J.**

## INTRODUCTION

{¶ 1} Appellant, the state of Ohio, argues that the failure of a sentencing entry to precisely track the language of the applicable criminal-sentencing statute

does not render the sentence contrary to law.  We agree and conclude that appellee, Tyrone Leegrand II, was properly sentenced for murder.

**FACTS AND PROCEDURAL HISTORY**

{¶ 2} A jury found Leegrand guilty of murder in violation of R.C. 2903.02(B), with a one-year firearm specification, R.C. 2941.141(A), and a three-year firearm specification, R.C. 2941.145(A); two counts of felonious assault in violation of R.C. 2903.11(A)(1) and 2903.11(A)(2), respectively, each with one- and three-year firearm specifications; carrying a concealed weapon in violation of R.C. 2923.12(A)(2); and tampering with evidence in violation of R.C. 2921.12(A)(1).  The jury found Leegrand not guilty of two counts of aggravated murder under R.C. 2903.01(A) and 2903.01(B), respectively, and two counts of aggravated robbery under R.C. 2911.01(A)(1) and 2911.01(A)(3), respectively.  Following a bench trial, the trial court found Leegrand guilty of having weapons while under a disability in violation of R.C. 2923.13(A)(2).

{¶ 3} The trial court merged various counts and specifications for sentencing purposes and ordered that some of the sentences be served concurrently, resulting in an aggregate prison term of 18 years to life.  What is relevant to the issue before us is the portion of the sentencing entry for Leegrand's murder conviction, which states that he was sentenced to "LIFE IN PRISON WITH ELIGIBILITY OF PAROLE AFTER 15 YEARS." (Capitalization sic.)  Leegrand appealed that sentence, arguing that the sentence was "improper and incorrect" under R.C. 2929.02(B)(1), which states that the penalty for murder shall be "an indefinite term of fifteen years to life."  The Eighth District Court of Appeals affirmed Leegrand's convictions.  The court of appeals concluded, however, that the trial court's sentencing language regarding the murder count was dissimilar enough from the language of R.C. 2929.02(B)(1) to necessitate vacation of that sentence and a remand to the trial court for resentencing.

**{¶ 4}** The state appealed to this court, asking us to hold that a sentencing entry need not recite the exact statutory language as long as the entry conveys that the trial court imposed the statutorily required sentence. We accepted jurisdiction but held the cause for our decision in *State v. Dowdy*, 162 Ohio St.3d 153, 2020-Ohio-4789, 164 N.E.3d 418, and stayed the briefing schedule. *See* 159 Ohio St.3d 1475, 2020-Ohio-4045, 150 N.E.3d 966. Following our decision in *Dowdy*, we released the hold and lifted the stay. *See* 160 Ohio St.3d 1505, 2020-Ohio-6844, 159 N.E.3d 1150.

## ANALYSIS

**{¶ 5}** The parties agree, and R.C. 2929.02(B)(1) confirms, that the sentence for murder under the facts of this case is "an indefinite term of fifteen years to life." The state argues that the variance between the language used in the sentencing entry and that found in the statute amounts to a "distinction without a difference." We agree.

**{¶ 6}** We begin with a legal truism: "Crimes are statutory, as are the penalties therefor, and the only sentence which a trial court may impose is that provided for by statute. A court has no power to substitute a different sentence for that provided for by statute * * *." *Colegrove v. Burns*, 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964). To determine whether the trial court in this case substituted a different sentence than that provided for by law, we examine the relevant statutory language. R.C. 2929.02(B)(1) states:

> Whoever is convicted of or pleads guilty to murder in violation of section 2903.02 of the Revised Code shall be imprisoned for an indefinite term of fifteen years to life.

**{¶ 7}** Ordinary principles of statutory construction require us to focus on the legislative intent manifest in the plain language of the statute. *See State v. J.M.*,

148 Ohio St.3d 113, 2016-Ohio-2803, 69 N.E.3d 642, ¶ 7. Based on the language of R.C. 2929.02(B)(1), it is clear that (1) the General Assembly intended the minimum sentence for murder in violation of R.C. 2903.02(B) to be 15 years, (2) the General Assembly intended the maximum sentence to be life in prison, and (3) the General Assembly prohibited a sentence for a specified duration by stating that the term shall be "indefinite." *See Black's Law Dictionary* 1570 (10th Ed.2014) (an "indeterminate sentence"—also called an "indefinite sentence"—is a "sentence of an unspecified duration").

**{¶ 8}** Next, we look to the sentence in this case, cognizant that "[a] court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum." *Schenley v. Kauth*, 160 Ohio St. 109, 113 N.E.2d 625 (1953), paragraph one of the syllabus; *see also State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 39, citing *State v. Hampton*, 134 Ohio St.3d 447, 2012-Ohio-5688, 983 N.E.2d 324, ¶ 15. In this case, the sentencing entry states that Leegrand would serve a sentence for murder of "LIFE IN PRISON WITH ELIGIBILITY OF PAROLE AFTER 15 YEARS." (Capitalization sic.) Based on this language, which is plainly different from the language in R.C. 2929.02(B)(1), it is still readily apparent that Leegrand must serve at least 15 years in prison, that he could serve as much as life in prison, and that the murder sentence is not for a specified duration. It is clear to us that the sentencing entry is consistent with R.C. 2929.02(B)(1). The sentencing entry does neither more nor less than R.C. 2929.02(B)(1) requires. Though the better practice for a sentencing court would be to use the specific language of the statute, doing otherwise is not error when, as here, the sentencing entry conveys the exact same meaning as the statutory language.

**{¶ 9}** Whatever difference exists between the language of R.C. 2929.02(B)(1) and the language in Leegrand's sentencing entry, the practical difference is, at worst, de minimis, and, at best, indistinguishable. Had the trial

court used the precise language of the statute, Leegrand would have been subject to the same sentence of life in prison with parole eligibility after 15 years that the sentencing entry imposes.

## CONCLUSION

{¶ 10} Because Leegrand's murder sentence of "life in prison with eligibility [for] parole after 15 years" complies with R.C. 2929.02(B)(1), we reverse the portion of the court of appeals' judgment vacating his murder sentence and directing the trial court to hold a resentencing hearing on remand. Our decision leaves other aspects of the court of appeals' judgment unaffected, including its affirmance of Leegrand's convictions and its remand order to the trial court to "correct the portion of its sentencing entry via nunc pro tunc to include the findings required by R.C. 2929.14(C)(4) when ordering Leegrand's sentence in this case to run consecutively to his sentence in CR-16-608028," 2020-Ohio-3179, ¶ 90.

Judgment affirmed in part

and reversed in part,

and cause remanded.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, and BRUNNER, JJ., concur.

STEWART, J., dissents, with an opinion.

—————————

**STEWART, J., dissenting.**

{¶ 11} Although I agree that appellee Tyrone Leegrand's sentencing entry did not need to precisely track the language of the applicable criminal-sentencing statute, I disagree with the majority opinion's conclusion that Leegrand was properly sentenced and that the words used in the portion of his sentencing entry relating to his conviction for murder impose the same sentence that the applicable sentencing statute requires. I also disagree that the variance between the applicable sentencing statute and the sentencing entry in this case is a " 'distinction without a

difference.' " Majority opinion, ¶ 5. Although the majority opinion offers a rational explanation for how the wording in the sentencing entry can be interpreted as sentencing Leegrand for murder in a manner that is functionally the same as that required under R.C. 2929.02(B)(1), as Leegrand points out, the legislature clearly did not intend for the different phraseology to mean the same thing. *See Obetz v. McClain*, 164 Ohio St.3d 529, 2021-Ohio-1706, 173 N.E.3d 1200, ¶ 21 ("The General Assembly's use of different words signals a different meaning").

{¶ 12} As the majority opinion states, R.C. 2929.02(B)(1) requires a sentence for murder of "an indefinite term of fifteen years to life" in prison under the facts of this case. An indefinite or indeterminate sentence is one that is imposed as a range of time. *See Black's Law Dictionary* 1570 (10th Ed.2014) (an "indeterminate sentence"—also called an "indefinite sentence"—is a "sentence of an unspecified duration"). Leegrand's sentence should not, therefore, have been stated in terms of a specified period, despite the fact that the sentencing entry also notes the time that he is first eligible for parole. The relevant portion of the sentencing entry in this case states that Leegrand was sentenced to "LIFE IN PRISON WITH ELIGIBILITY OF PAROLE AFTER 15 YEARS." (Capitalization sic.) On its face, the entry does not set forth Leegrand's sentence in terms of a range of time. The entry indicates that Leegrand is sentenced to prison for life, which is language akin to a definite sentence. The entry then goes on to note that Leegrand is eligible to be considered for parole after he has served 15 years of his life sentence.[1] Although the majority characterizes the practical difference of the wording as, "at worst, de minimis, and, at best, indistinguishable," majority opinion at ¶ 9, as both Leegrand and the Eighth District have pointed out, the variance in the wording is meaningful. *See* 2020-Ohio-3179, ¶ 88. It is not as trivial or as imperceptible as the majority declares. *See State v. Duncan*, 2d Dist. Clark No.

---

1. The 15-year sentence commenced after Leegrand served three years for the firearm specifications of which he was convicted.

2016-CA-77, 2017-Ohio-8103, ¶ 14 ("Regardless of whether the two sentences permit parole at the same time, they are two different sentences. One is set forth by statute, the other is not").

{¶ 13} Words are powerful tools of expression that play a vital role in how we communicate and what is being communicated. In addition to the importance of syntax, the order in which words and phrases are used is also important in drawing attention to a particular aspect of what is being communicated. Said differently, the arrangement of words influences thought, meaning, and understanding. This case highlights that point.

{¶ 14} The sentence imposed on Leegrand uses phraseology that is used for sentences imposed for *aggravated* murder, not murder. *See, e.g.*, R.C. 2929.03(A)(1)(b) (aggravated-murder sentence of "life imprisonment with parole eligibility after serving twenty years of imprisonment"). That is, the sentence for his murder conviction is conveyed first in terms of Leegrand's having been sentenced to life in prison, followed by a notation that he is eligible for parole *after* 15 years. R.C. 2929.02(B)(1) requires that Leegrand be sentenced to an indeterminate prison term and that he serve a minimum of 15 years. The distinction between the language of the two statutes highlights the fact that the General Assembly intended for the sentences for these two homicide offenses to be viewed differently. Moreover, while the majority opinion notes that " '[a] court has no power to substitute a different sentence for that provided for by statute * * *' " (brackets added), majority opinion at ¶ 6, quoting *Colegrove v. Burns*, 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964), that is precisely what the trial court did in this case, converting an indefinite sentence to a definite sentence that does not comport with the language of R.C. 2929.02(B)(1). As Leegrand characterizes the two sentences, one is a "life-minus sentence" and the other is a "fifteen-year-plus sentence."

**{¶ 15}** The purpose behind imposing an indeterminate or indefinite prison sentence is that doing so recognizes that the defendant has been convicted of committing the type of offense for which he can be rehabilitated and subsequently released from prison. Although being sentenced to a term of life in prison with parole eligibility after a certain period (i.e., the language used for sentences for aggravated-murder offenses) would seem to trigger the same analysis, the presence of aggravating factors would logically make demonstrating rehabilitation more challenging and securing release less likely. Even though the majority opinion adopts the view that Leegrand's sentencing entry is "consistent with R.C. 2929.02(B)(1)" despite the difference in wording between the two, majority opinion at ¶ 8, the fact is that these sentences are not the same; just as two or more of an infinite number of things that could be deemed *consistent* with each other are not *the same*. If the majority opinion is a reflection of how the different wording of the statutes may be seen as inconsequential by sentencing courts, and perhaps even by the parole board, the practical result is that everyone convicted of murder or aggravated murder in Ohio (when not sentenced to death) is sentenced to a definite term of life in prison—some with sentences allowing for parole eligibility after a certain amount of time. This similar treatment of sentences that are worded differently blurs the line between definite sentences and indefinite ones and extinguishes, or at least diminishes, the recognition of the potential for rehabilitation inherent in the imposition of an indefinite sentence.

**{¶ 16}** As the Eighth District noted, the General Assembly created a difference between the statutory language pertaining to a sentence for murder under R.C. 2929.02(B) (using the phrase "fifteen years to life") and the statutory language pertaining to a sentence for aggravated murder under R.C. 2929.03(A) (using the phrase "life imprisonment with parole eligibility after serving twenty years of

imprisonment," *see* R.C. 2929.03(A)(1)(b)).[2] 2020-Ohio-3179 at ¶ 88, citing *State v. Smith*, 2019-Ohio-155, 131 N.E.3d 321, ¶ 25 (8th Dist.); *see also Smith* at ¶ 21 (observing "the fundamental differences between the sentences permitted for murder (R.C. 2929.02(B)) and aggravated murder (R.C. 2929.03(A))" and the requirement that "the trial court * * * impose a sentence that comports with the language of the applicable statute"). We are to assume that there is a valid reason for why the legislature chose the different wording. *See Metro. Securities Co. v. Warren State Bank*, 117 Ohio St. 69, 76, 158 N.E. 81 (1927) ("Having used certain language in the one instance and wholly different language in the other, it will rather be presumed that different results were intended"). Thus, the Eighth District Court of Appeals was correct to remand this case for resentencing on the murder conviction. Because the majority reaches a different conclusion, I respectfully dissent.

———————————

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar and Katherine Elizabeth Mullin, Assistant Prosecuting Attorneys, for appellant.

Timothy Young, Ohio Public Defender, and Stephen P. Hardwick, Assistant Public Defender, for appellee.

———————————

2. R.C. 2929.03(A)(1)(c) and (d) include additional potential sentences for aggravated murder, allowing for parole eligibility after "twenty-five full years of imprisonment" and "thirty full years of imprisonment," respectively.