[Cite as *State v. Coons*, 2023-Ohio-3506.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29593 |
| | : | |
| v. | : | Trial Court Case No. 2021 CR 01067 |
| | : | |
| BRIAN K. COONS | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on September 29, 2023

. . . . . . . . . . .

MATHIAS H. HECK, JR., by RICKY L. MURRAY, Attorney for Appellee

JEFFREY T. GRAMZA, Attorney for Appellant

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Brian K. Coons appeals from his conviction following a guilty plea to charges of gross sexual imposition and corrupting another with drugs.

{¶ 2} In his sole assignment of error, Coons contends the trial court erred in declaring him ineligible under R.C. 2967.193 for earned credit toward his prison sentence

for corrupting another with drugs.

{¶ 3} We agree that Coons statutorily is eligible for earned-credit on his sentence for corrupting another with drugs. Accordingly, the trial court's judgment will be reversed insofar as it found him ineligible for any earned credit, and the case will be remanded solely for the trial court to file a new judgment entry correcting the error. In all other respects, the judgment will be affirmed.

## I. Background

{¶ 4} A grand jury indicted Coons on three counts of gross sexual imposition, two counts of corrupting another with drugs, two counts of sexual battery, two counts of unlawful sexual conduct with a minor, one count of public indecency, and two counts of sexual imposition. The alleged victim of each offense was Coons' minor daughter.

{¶ 5} Coons ultimately pled guilty to a bill of information charging him with one count of gross sexual imposition (victim under age 13), a third-degree felony, and one count of corrupting another with drugs (Schedule III, IV, or V drug), a second-degree felony. In exchange for Coons' plea, the indicted charges were dismissed.

{¶ 6} The trial court imposed a five-year prison term for the gross-sexual-imposition conviction and designated Coons a Tier II sex offender. For the corrupting-another-with-drugs conviction, the trial court imposed an indefinite prison term of seven to ten and one-half years under the Reagan Tokes Act. The trial court ordered the sentences to be served consecutively. As relevant here, the trial court's judgment entry included a notation that Coons "is not eligible for * * * Earned Credit."

## II. Analysis

{¶ 7} On appeal, Coons challenges the trial court's finding regarding his earned-credit eligibility. He asserts that nothing in the earned-credit statute, R.C. 2967.193, makes him ineligible for reductions in his prison sentence for corrupting another with drugs. Therefore, he contends his sentence is contrary to law insofar as the trial court declared him ineligible for earned credit on that sentence. In response, the State argues that corrupting another with drugs is an offense of violence and that the statute excludes it from earned-credit eligibility.

{¶ 8} At the time of Coons' sentencing, earned-credit opportunities were found in R.C. 2967.193(A)(1) and (A)(2). The earned-credit statute later was amended effective April 4, 2023, and the same earned-credit opportunities now are found in R.C. 2967.193(A)(2) and (A)(3). Substantive changes made by the amendment are immaterial to the issue before us. For purposes of our analysis, we will refer to the current version of the statute, as the amendment explicitly applies "to persons confined in a state correctional institution," which includes Coons. *See* R.C. 2967.193(A)(1).

{¶ 9} The earned-credit statute provides two types of opportunities for prison inmates to earn credit against their prison sentences by participating in or completing various programs. First, under R.C. 2967.193(A)(2), an inmate may earn one or five days of credit for each month in which the inmate "productively participates" in an "education program, vocational training, employment in prison industries, treatment for substance abuse, or any other constructive program developed by the department of rehabilitation and correction[.]" Second, under R.C. 2967.193(A)(3), an inmate who "successfully completes" certain other programs or courses may earn 90 days of credit or a 10-percent

reduction in a prison term, whichever is less. To receive this reduction, an inmate may obtain a high-school diploma or certificate of equivalence, complete drug programs, a vocational-school program, a college-certification program, or meet the criteria for a certificate of achievement and employability.

{¶ 10} Both types of earned-credit opportunities have eligibility requirements. Under R.C. 2967.193(C), a prison inmate is not entitled to earned credit under division (A) if one or more of the following applies:

(1) The person is serving a prison term that section 2929.13 or section 2929.14 of the Revised Code specifies cannot be reduced pursuant to this section or this chapter or is serving a sentence for which section 2967.13 or division (B) of section 2929.143 of the Revised Code specifies that the person is not entitled to any earned credit under this section.

(2) The person is sentenced to death or is serving a prison term or a term of life imprisonment for aggravated murder, murder, or a conspiracy or attempt to commit, or complicity in committing, aggravated murder or murder.

(3) The person is serving a sentence of life imprisonment without parole imposed pursuant to section 2929.03 or 2929.06 of the Revised Code, a prison term or a term of life imprisonment without parole imposed pursuant to section 2971.03 of the Revised Code, or a sentence for a sexually oriented offense that was committed on or after September 30, 2011.

{¶ 11} In addition, under R.C. 2967.193(A)(3), a prison inmate is ineligible for the

90-day or 10-percent reduction for completing one of the referenced educational or drug programs if the person "is serving a mandatory prison term or a prison term for an offense of violence or a sexually oriented offense[.]"

{¶ 12} With regard to Coons' sentence for gross sexual imposition, R.C. 2967.193(C)(3) and R.C. 2967.193(A)(3) both rendered him ineligible for earned credit. Coons' appeal concerns only his eligibility for earned credit on his consecutive sentence for corrupting another with drugs.

{¶ 13} Coons' prison term for corrupting another with drugs is not one that R.C. 2967.193(C) excludes from earned-credit eligibility. Instead, the State cites the prohibition on earned credit for "an offense of violence" found in R.C. 2967.193(A)(3).[1] The State argues that Coons' act of corrupting his daughter with drugs qualified as an offense of violence because it caused at least some physiological impairment of some duration.

{¶ 14} Upon review, we find the State's reliance on the offense-of-violence exclusion in R.C. 2967.193(A)(3) to be unpersuasive. As an initial matter, that exclusion only applies to the second type of earned credit, which involves a 90-day or 10-percent sentence reduction for completing a specified educational or drug program. On its face, the offense-of-violence exclusion does not purport to render an inmate ineligible for the first type of earned credit, which involves a sentence reduction of one or five days per month under R.C. 2967.193(A)(2) for productively participating in one or more prison programs. Based on our review of the record, we see nothing that would make Coons

---

[1] In its appellate brief, the State asserts that R.C. 2967.193(C) excludes offenses of violence from earned-credit eligibility, but it does not. Offenses of violence are excluded by R.C. 2967.193(A)(3). Prior to the April 4, 2023 amendment, the same exclusion for offenses of violence was found in R.C. 2967.193.(A)(2).

statutorily ineligible for earned credit of this type on his sentence for corrupting another with drugs. Therefore, the trial court erred insofar as its judgment entry declared him ineligible for any earned credit.

{¶ 15} If the State's argument were correct, however, Coons would be ineligible for an earned-credit sentence reduction of 90 days or 10 percent under R.C. 2967.193(A)(3). The State recognizes that corrupting another with drugs is not specifically identified as an "offense of violence" in R.C. 2901.01(A)(9)(a). Nevertheless, the State notes that R.C. 2901.01(A)(9)(c) also defines an offense of violence to include "[a]ny offense, other than a traffic offense, * * * committed purposely or knowingly, and involving physical harm to persons[.]" Under R.C. 2901.01(A)(3), "physical harm to persons" includes "any injury, illness, or other physiological impairment, regardless of its gravity or duration." The phrase "physiological impairment" has been defined as " 'a damaging or lessening of a person's normal physical functioning.' " *State v. Vore*, 12th Dist. Warren No. CA20212-07-065, 2014-Ohio-1583, ¶ 17, quoting *State v. Roof*, 1st Dist. Butler No. CA77-10-0110, 1978 WL 216430, *1 (Nov. 8, 1978).

{¶ 16} Coons was convicted of corrupting another with drugs in violation of R.C. 2925.02(A)(4)(a). This statute provides that no person shall knowingly by any means "[f]urnish or administer a controlled substance to a juvenile who is at least two years the offender's junior, when the offender knows the age of the juvenile or is reckless in that regard[.]" The bill of information to which Coons pled guilty charged the offense as a second-degree felony based on the controlled substance at issue being a Schedule III, IV, or V drug.

{¶ 17} The State presumes that Coons' conviction under R.C. 2925.02(A)(4)(a) was predicated on his giving his daughter marijuana and/or cocaine. The State references a victim-impact statement from Coons' daughter in which she mentioned using marijuana and cocaine provided by him. The State contends we reasonably may infer that Coons' act of providing these drugs to his daughter caused her to experience at least some physiological impairment.

{¶ 18} The problem with the State's argument is that marijuana and cocaine are Schedule I and Schedule II controlled substances. A grand-jury indictment charging Coons with corrupting his daughter with drugs by providing her with marijuana and cocaine was dismissed. Coons pled guilty to a bill of information accusing him of corrupting his daughter with an unspecified Schedule III, IV, or V controlled substance. The record is devoid of evidence identifying the Schedule III, IV, or V drug at issue or establishing that it had any physiological effect on Coons' daughter. In fact, the bill of information alleged that Coons had "furnish[ed] or administer[ed]" the unspecified drug to his daughter. The act of "furnishing" involves providing or supplying someone with a drug. *State v. Turvey*, 2023-Ohio-2248, __ N.E.3d __, ¶ 84 (6th Dist.). Because Coons' daughter was a juvenile, simply providing or supplying her with a Schedule III, IV, or V controlled substance would be enough for a conviction under R.C. 2925.02(A)(4)(a), regardless of whether she even used the drug. *Compare State v. Thompson*, 9th Dist. Lorain No. 3836, 1985 WL 11081 (Aug. 28, 1985) (affirming conviction for corrupting a minor with drugs under R.C. 2925.02(A)(4) where defendant merely handed cocaine to a minor with the intent that she use it).

{¶ 19} Absent evidence that Coons' daughter experienced some physiological impairment as a result of his furnishing or administering an unspecified Schedule III, IV, or V controlled substance, the record fails to support a finding that his violation of R.C. 2925.02(A)(4)(a) was an offense of violence. We note too that Coons' offense carried with it a statutory presumption for a prison term, but it did not involve a mandatory prison term, which also would have disqualified him from earned credit under R.C. 2967.193(A)(3). Finally, although Coons received an indefinite sentence for corrupting another with drugs under the Reagan Tokes Act, the earned-credit statute applies to such sentences. *See* R.C. 2967.193(F)(2).

{¶ 20} Where a trial court purports to preclude an otherwise-eligible defendant from obtaining earned credit under R.C. 2967.193, that portion of its judgment is not authorized by law and may be challenged on appeal. *State v. Livingston*, 2014-Ohio-1637, 9 N.E.3d 1117, ¶ 10 (1st Dist.); *see also State v. Eitzman*, 3d Dist. Henry No. 7-21-03, 2022-Ohio-574, ¶ 40 ("[T[he trial court opted to include a statement in its judgment entry about Eitzman's eligibility for earned credit under R.C. 2967.193. However, the statement that the trial court chose to include about earned credit under [R.C.] 2967.193 is inconsistent with the statutory standards set forth in that provision. * * * Since this statement is clearly and convincingly contrary to law, we vacate this portion of his sentence and remand this matter to the trial court for the limited purpose of correcting the judgment entry.").

{¶ 21} Based on the reasoning set forth above, we conclude that the trial court's judgment entry is clearly and convincingly contrary to law insofar as it declares Coons

wholly ineligible for earned credit under R.C. 2967.193. Coons' assignment of error is sustained.

### III. Conclusion

{¶ 22} The trial court's judgment is reversed with regard to its finding that Coons is ineligible for any earned credit under R.C. 2967.193. The case is remanded to the trial court for the limited purpose of filing a revised judgment entry correcting its error. In all other respects, the trial court's judgment is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and EPLEY, J., concur.