[Cite as *State v. Leegrand*, 2024-Ohio-71.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 112606 |
| TYRONE LEEGRAND, II, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** January 11, 2024

Criminal Appeal from the Cuyahoga County Common Pleas Court
Case No. CR-17-623531-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, Assistant Prosecuting Attorney, *for appellee.*

Wegman Hessler Valore and Matthew O. Williams, *for appellant.*

SEAN C. GALLAGHER, J.:

**{¶ 1}** Tyrone Leegrand II appeals the trial court's nunc pro tunc, final entry of conviction, which was intended to include the previously omitted consecutive-sentence findings. That nunc pro tunc entry was journalized as mandated in *State v.*

*Leegrand*, 8th Dist. Cuyahoga No. 108626, 2020-Ohio-3179, ¶ 90, *rev'd in part*, *State v. Leegrand*, 170 Ohio St.3d 304, 2022-Ohio-3623, 212 N.E.3d 869, paragraph two of the syllabus, ¶ 10.

{¶ 2} Leegrand was sentenced to a life term with the possibility of parole after 15 years for the murder of Michael Prock. In this appeal, Leegrand seeks to overturn the Ohio Supreme Court's conclusion that the sentence of "life in prison with eligibility [for] parole after 15 years" complies with R.C. 2929.02(B)(1) (murder penalties). *Leegrand*, 2022-Ohio-3623 at ¶ 10.

{¶ 3} In his direct appeal, Leegrand had successfully argued that his sentence did not comport with the statutory language, which provides that "whoever is convicted of or pleads guilty to murder in violation of section 2903.02 of the Revised Code shall be imprisoned for an indefinite term of fifteen years to life." R.C. 2929.02(B)(1). That panel agreed that the sentence was improper based on the imprecise language describing the sentence and declared the sentence to be contrary to law. The panel also concluded that the trial court made the consecutive-sentence findings but inadvertently omitted them from the final entry of conviction. A mandate was included to issue a nunc pro tunc entry to include the findings in the final entry of conviction.

{¶ 4} The Ohio Supreme Court accepted the case for review to determine whether a sentencing court must "recite the exact statutory language" even though "the entry conveys that the trial court imposed the statutorily required sentence." *Leegrand*, 2022-Ohio-3623 at ¶ 4. After concluding that the phrase "indefinite term

of 15 years to life" is indistinguishable from "life in prison with eligibility for parole after 15 years," the court reversed the appellate decision with respect to the indefinite term of imprisonment. Importantly, the Ohio Supreme Court held that Leegrand "was properly sentenced for murder" despite the discrepancy between the statutory and journalized language. *Id.* at ¶ 1. The appellate mandate, to issue a nunc pro tunc entry incorporating the consecutive-sentence findings, was affirmed by the Ohio Supreme Court. The case was remanded to the trial court for this purpose.

{¶ 5} The trial court, in accordance with the mandate, amended the final entry of conviction to include the consecutive-sentence findings under R.C. 2929.14(C)(4) through the nunc pro tunc mechanism. The trial court issued an identical version of the original sentencing entry but including the consecutive-sentence findings to create one, harmonized final entry of conviction. That new final entry was expressly designated as a nunc pro tunc: "Nunc pro tunc entry as of and for 05/10/2019. **Nunc pro tunc entry for sentencing entry filed on May 10, 2019**."

{¶ 6} Despite this unambiguous language, the Cuyahoga County Public Defender's office believed that the original appointment of appellate counsel, who now is deceased, had also been renewed and proceeded to file an appeal, and have new counsel appointed, because "Leegrand may wish to argue that undersigned counsel, who was treated as counsel in the trial court, was ineffective, and only new counsel could do that." A motion to appoint new counsel was filed concurrently with

the notice of appeal. In other words, this appeal was initiated as an appeal as a matter of right from the original entry of conviction without regard to the appellate history. Without objection from the state as to the request for appointed counsel, however, new counsel was appointed and briefing completed.

{¶ 7} Leegrand's latest appellate argument is solely based on challenging the Ohio Supreme Court's conclusion that his sentence complied with R.C. 2929.02(B)(1). The state, in response, argues that the Ohio Supreme Court settled the question, which cannot be relitigated in this appeal. Essentially, the state is arguing that the doctrines of law of the case or res judicata control. In order to apply either doctrine, however, this court must possess jurisdiction over the appeal. *See, e.g.*, *Ullom v. Agoston*, 2022-Ohio-3813, 199 N.E.3d 693, ¶ 36 (8th Dist.) (the granting of a motion for judgment on the pleadings based on the affirmative defenses of res judicata or law of the case was affirmed because the issue had been resolved in a previous preceding); *see also State ex rel. McGirr v. Winkler*, 152 Ohio St.3d 100, 2017-Ohio-8046, 93 N.E.3d 928, ¶ 17 (res judicata is an affirmative defense, and the tribunal must first possess jurisdiction in order to resolve the applicability of the doctrine), citing *State ex rel. Lipinski v. Cuyahoga Cty. Common Pleas Court, Probate Div.*, 74 Ohio St.3d 19, 20-21, 655 N.E.2d 1303 (1995), and *State ex rel. Flower v. Rocker*, 52 Ohio St.2d 160, 162, 370 N.E.2d 479 (1977). Neither party's argument can be addressed on the merits. We lack jurisdiction over this appeal.

**{¶ 8}** Leegrand appealed the nunc pro tunc entry that fulfilled the appellate mandate. Correcting the sentencing entry through the nunc pro tunc mechanism does not create a new final, appealable order. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 31, citing *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 20. The failure to incorporate the statutory, consecutive-sentence findings in the final sentencing entry after properly making the findings at the sentencing hearing does not render the sentence as being contrary to law. *Id.* at ¶ 30. It is simply a clerical mistake that can be corrected through the administrative procedure of issuing a nunc pro tunc entry. *Id.* The appellate panel in *Leegrand*, and subsequently the Ohio Supreme Court in its *Leegrand*, recognized this and remanded the matter for the limited purpose of including the consecutive-sentence findings into the final entry of conviction. That entry, although journalized on March 10, 2023, following the exhaustion of appellate remedies, was effective as of, and for, the original sentencing entry on May 10, 2019.

**{¶ 9}** "'Nunc pro tunc' means 'now for then' and is commonly defined as '[h]aving retroactive legal effect through a court's inherent power.'" *Lester* at ¶ 19, quoting *Black's Law Dictionary* 1174 (9th Ed.2009). A nunc pro tunc entry is retroactively effective to the judgment it corrects and is issued "for the sole purpose of complying with Crim.R. 32(C)" in order "to correct a clerical omission in a final judgment entry." *Lester* at ¶ 5, 20 (affirming the appellate court's dismissal of the appeal from a nunc pro tunc entry after accepting certification of a conflict). The issuance of a nunc pro tunc entry does not extend the time to file an appeal from the

original judgment of conviction, nor does it create a new right to appeal. *Id.*; *State v. Garner*, 8th Dist. Cuyahoga No. 106933, 2019-Ohio-250, ¶ 11.

{¶ 10} A nunc pro tunc entry, correcting the trial court's clerical omission in the original sentencing entry, is not an order from which Leegrand can now appeal. Because the nunc pro tunc entry is not a final appealable order, we lack jurisdiction to render any substantive conclusions beyond the jurisdictional question. *See Lester* at ¶ 20 (affirming the appellate court's dismissal of the appeal from a nunc pro tunc entry)*; State v. Drake*, 8th Dist. Cuyahoga No. 106551, 2018-Ohio-3592, ¶ 6 (dismissing an appeal from the trial court's issuance of a nunc pro tunc entry)*; but see State v. Walker*, 8th Dist. Cuyahoga No. 96486, 2012-Ohio-697, ¶ 18 (the divided panel affirmed the issuance of a nunc pro tunc entry.[1]) It is notable that Leegrand does not claim that the trial court lacked jurisdiction to issue the nunc pro tunc entry, nor could he given the appellate record. *See Soroka v. Soroka*, 8th Dist. Cuyahoga No. 62739, 1993 Ohio App. LEXIS 3077, 12 (a trial court lacks jurisdiction to substantively alter a final entry through the nunc pro tunc mechanism rending any alteration void ab initio and subject to an appeal as a matter of right).

{¶ 11} This appeal is dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

---

[1] Although *Walker*, in a two-to-one decision, affirmed the trial court's issuance of a nunc pro tunc entry, the panel cited *Lester*, in which the Ohio Supreme Court concluded that an appellate court lacks jurisdiction to consider an appeal from a nunc pro tunc entry. The Ohio Supreme Court's conclusion in *Lester* is controlling, and thus, despite the disparate outcomes between *Walker* and *Drake*, there is no conflict in the law of this district. This district is duty bound to follow the Ohio Supreme Court's decision.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR