[Cite as *State v. Costlow*, 2024-Ohio-1366.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,           :

                               No. 113013

    v.                            :

RANDY COSTLOW,                          :

    Defendant-Appellant.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 11, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-678010-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Sarah E. Hutnik, Assistant Prosecuting Attorney, *for appellee.*

Susan J. Moran, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} Randy Costlow appeals his convictions for gross sexual imposition and three separate rape offenses, along with the resulting non-life indefinite sentence of 38 to 43.5 years. For the following reasons, we affirm.

{¶ 2} Costlow sexually abused his blood relative starting when the victim was in kindergarten. The abuse spanned seven years and was only interrupted by Costlow's being separated from the victim. The victim was unable to recall the exact number of times the sexual assaults occurred, but it was unrelenting throughout the years. The state charged Costlow with 18 separate sex offenses but agreed to Costlow's pleading guilty to one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4) (sexual contact with a victim who is under the age of 13) and three counts of rape, in violation of R.C. 2907.02(A)(1)(b) (rape of a victim who is less than 13 years of age). At the sentencing hearing, the victim addressed the court and the prosecutor read statements written by the victim's family and friends.

{¶ 3} In this appeal, Costlow advances four assignments of error.

{¶ 4} In the first two, he claims that his five-year (60-month)[1] prison sentence on the gross sexual imposition count exceeds the maximum term available

---

[1] Although R.C. 2929.14(A)(3)(a) authorizes a 60-month term of imprisonment, the trial court's imposition of a five-year term conveys the same meaning and duration. *See State v. Stennett*, 2022-Ohio-4645, 204 N.E.3d 691, ¶ 8 (8th Dist.), citing *State v. Leegrand*, 170 Ohio St.3d 304, 2022-Ohio-3623, 212 N.E.3d 869, ¶ 8.

for the offense.[2] He does not challenge the sentences imposed for the three rape offenses. According to Costlow, R.C. 2929.14(A)(3)(a), which expressly authorizes a 60-month maximum term of imprisonment for a third-degree gross sexual imposition offense, paradoxically does not apply to Costlow's conviction for the third-degree felony, gross sexual imposition. Costlow insists that the maximum term available was 36 months under R.C. 2929.14(A)(3)(b), which applies only to third-degree felony offenses not identified under subdivision (A)(3)(a) — such as offenses that are not a third-degree felony violation of R.C. 2907.05(A)(4), the gross sexual imposition statute. That argument, however, has been rejected by another panel in this district. *See State v. Coleman*, 8th Dist. Cuyahoga No. 112609, 2023-Ohio-4418.

{¶ 5} According to Costlow, "because a prison term is not mandatory in his case due to the absence of a prior conviction and division (C)(3) provides that a mandatory term under division (C)(2) will have the sentencing range provided in R.C. 2929.14(A)(3)(a) (12 to 60 months), his presumptive prison term should therefore range from eight to 36 months pursuant to R.C. 2929.14(A)(3)(b)." *Id.* at ¶ 16. Costlow's argument in this appeal, identical to the one presented in *Coleman*, would render R.C. 2929.14(A)(3)(a) to be partially nullified. Costlow pleaded guilty to gross sexual imposition in violation of R.C. 2907.05(A)(4). That violation is expressly designated as a third-degree felony. R.C. 2907.05(C)(2) ("Gross sexual

---

[2] Costlow has the right to appeal his individual sentence imposed for the gross sexual imposition under R.C. 2953.08(A)(1)(b) and (A)(4) because the maximum term was imposed and based on his arguments that the sentence is contrary to law.

imposition committed in violation of division (A)(4) or (B) of this section is a felony of the third degree"). The pertinent part of the otherwise unambiguous sentencing provision provides that "the prison term shall be a definite term of * * * 60 months" "[f]or a felony of the third degree that is a violation of section * * * 2907.05 * * * of the Revised Code." R.C. 2929.14(A)(3).

{¶ 6} There is a presumption that a prison term will be imposed for the first violation of R.C. 2907.05(A)(4), as chosen from the available range authorized under R.C. 2929.14(A)(3)(a), and it is only "'if the presumption is overcome, the trial court may impose a community control sanction.'" *Coleman* at ¶ 17, citing *State v. Scott*, 2020-Ohio-3230, 155 N.E.3d 56, ¶ 56 (12th Dist.), R.C. 2929.15, and *State v. Bennett*, 2019-Ohio-4937, 149 N.E.3d 1045, ¶ 65 (3d Dist.). The presumptive sentence imposed under subdivision (C)(2), however, becomes a mandatory, definite prison term if the offender was previously convicted of gross sexual imposition, rape, or sexual battery of a victim under the age of 13. *Coleman* at ¶ 17; R.C. 2907.05(C)(2).

{¶ 7} The question of whether the term of imprisonment is merely presumed or is a mandatory term is resolved through R.C. 2907.05(C)(2) and (C)(3), but neither of those subdivisions impacts the appropriate sentencing range for a third-degree felony gross sexual imposition conviction in general. Under either subdivision, the sentencing range, as established under R.C. 2929.14(A)(3)(a), is the permissible sentencing range. *State v. Hamilton*, 5th Dist. Richland No. 2019 CA 0120, 2020-Ohio-5330, ¶ 17.

{¶ 8} If, for example, the offender is unable to overcome the presumption of a prison term under R.C. 2907.05(C)(2), the trial court imposes a nonmandatory, definite sentence from the available range authorized under R.C. 2929.14(A)(3)(a). If the sentence is mandatory under a combined application of R.C. 2907.05(C)(2) and (C)(3), then the trial court must not only impose a sentence from within the available range, but also that mandatory term, unlike the presumptive term, generally cannot be reduced. *See, e.g., State v. Coons*, 2d Dist. Montgomery No. 29593, 2023-Ohio-3506, ¶ 11 (discussing eligibility for earned credit reductions in prison terms). Costlow has not demonstrated any tension between the various provisions. R.C. 2929.14(A)(3)(a) establishes that a 60-month sentence is a permissible prison term for a violation of R.C. 2907.05(A)(4). In Costlow's situation, there was a presumption that he would serve a nonmandatory prison term from the available range under R.C. 2929.14(A)(3)(a), and he is not otherwise challenging the trial court's imposition of that prison term.

{¶ 9} As concluded in *Coleman*, 8th Dist. Cuyahoga No. 112609, 2023-Ohio-4418, the argument that an offender convicted of the third-degree felony offense of gross sexual imposition must be sentenced under R.C. 2929.14(A)(3)(b) is without merit. The fact that the legislature created a class of offenses that requires a mandatory term to be imposed from the general range applicable to that offense does not render the sentencing range itself to be limited to the situations in which the mandatory sentencing is required. Any conclusion to the contrary would negatively impact other sentencing provisions that require mandatory service of the

sentences chosen from the ranges authorized under R.C. 2929.14. *See, e.g.,* R.C. 2925.03(C)(1)(a)-(c) (providing that the presumption for community control applies to third-degree trafficking in drugs unless the amount of drugs exceeds the statutory threshold, in which case the prison term "as prescribed for a third-degree felony" is a mandatory term). Costlow's first assignment of error is overruled.

{¶ 10} In the second assignment of error, Costlow claims that his guilty plea should be invalidated assuming the first assignment of error was sustained. Having rejected the first assignment of error, the arguments presented in the second assignment of error are moot and need not be addressed.[3] *See* App.R. 12(A)(1)(c).

{¶ 11} In the final two assignments of error, Costlow claims that the trial court (1) erred by considering the statements made by six of the victim's family and friends despite R.C. 2929.19(A) and the weight of authority establishing that a court has discretionary authority to permit any person, such as the victim's friends and family, to present relevant information at the sentencing hearing (*see, e.g., State v.*

---

[3] Even if not considered moot, Costlow has presented no relevant authority to support his argument. After presenting the applicable standard, Costlow claims that

> [h]ere the maximum penalty Mr. Costlow faced as a result of his gross-sexual imposition charges was not 1-5 years on each charge, with the potential for consecutive sentences. Instead, the maximum he faced for those charges was a mere thirty-six months. The failure to accurately convey his maximum penalty is a complete failure to comply with Crim.R. 11(C)(2)(a). Therefore, his plea must be vacated.

Costlow has not presented any relevant authority in support of this cursory argument that he would not have entered the guilty plea reducing the 18 felony counts to four had he known that the maximum term on the GSI charge was two years less than he was advised. *See* App.R. 16(A)(7).

*Pascale*, 8th Dist. Cuyahoga No. 112154, 2023-Ohio-2877, ¶ 19; *State v. McManus*, 8th Dist. Cuyahoga No. 101922, 2015-Ohio-2393, ¶ 33; *State v. Harwell*, 149 Ohio App.3d 147, 2002-Ohio-4349, 776 N.E.2d 524, ¶ 7 (6th Dist.)), and (2) erred by imposing consecutive sentences based on the Ohio Supreme Court's decision in *State v. Gwynne*, Slip Opinion No. 2022-Ohio-4607, despite that decision being vacated by *State v. Gwynne*, Slip Opinion No. 2023-Ohio-3851, ¶ 5, 35.

{¶ 12} Neither of the assignments of error presents relevant authority in support of sustaining the arguments presented. *See* App.R. 16(A)(7). Besides the citations to *Pascale*, which supports the trial court's authority to permit any person with relevant information to present it at sentencing under R.C. 2929.19(A), and the now vacated *Gwynne* decision, Costlow offers no other relevant authority supporting his arguments. *See, e.g., Russo v. Gissinger*, 9th Dist. Summit No. 29881, 2023-Ohio-200, ¶ 28, quoting *State v. Taylor*, 9th Dist. Medina No. 2783-M, 1999 Ohio App. LEXIS 397, 1999 WL 61619, *3 (Feb. 9, 1999) ("'It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record.'") and App.R. 16(A)(7). It is not the role of an appellate court to flush out or create legal analysis on behalf of one of the parties. *See State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 19, citing *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 78 (O'Donnell, J., concurring in part and dissenting in part), quoting *Carducci v. Regan*, 714 F.2d 171, 177 (D.C.Cir.1983).

{¶ 13} In order to sustain Costlow's remaining assignments of error, this panel would be impermissibly required to sua sponte craft legal analysis and find legal authority to support such an outcome. We decline to do so. *See* App.R. 16(A)(7). The unsupported arguments presented in the remaining two assignments of error are overruled.

{¶ 14} Costlow's convictions are affirmed.

{¶ 15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR